Case 4:21-cv-03274   Document 66   Filed on 03/27/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Empire Torque Tools, LLC, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| Specialty Welding and § | | |
| Turnarounds, LLC, § | Civil Action H-21-3274 | |
| Defendant. § | | |
| § | | |
| v. § | | |
| § | | |
| Robert Greeson, § | | |
| Third-Party Defendant. § | | |

# REPORT AND RECOMMENDATION[1]

Pending before the court is Specialty Welding and Turnarounds, LLC's, (SWAT) Motion for Sanctions. ECF No. 56. On March 24, 2023, the court held a hearing and heard argument. The court recommends that the motion be **GRANTED in PART**.

### *1. Background*

SWAT is seeking sanctions against Empire Torque Tools for alleged discovery abuses. SWAT claims that Tom Kubala, Empire's owner, destroyed texts between him and Robert Greeson. SWAT also claims that Kubala lied during his deposition. SWAT further claims that Kubala attempted to influence Greeson's deposition

---

[1] Because Specialty Welding is seeking dismissal, a case dispositive sanction, the court submits this proposed recommendation under 28 U.S.C. § 636(b)(1)(B) for the district judge's de novo review.

testimony. SWAT claims generally that Empire has been less than forthcoming in its discovery responses. SWAT seeks as a sanction complete dismissal of Empire's claims, or, short of that, reimbursement for all of SWAT's discovery costs.

The disputes between the parties are far-ranging and were supported at the hearing, in large part, only by attorney argument. Two things are undisputed, however. First, Kubala did delete discoverable texts between him and Greeson after this suit was filed. Second, SWAT has been able to recover from other sources all the texts that it has identified as being deleted. The court also finds that SWAT has failed to satisfy the court, with evidence, that Kubala purposefully lied under oath. SWAT has also failed to produce evidence to demonstrate that Empire has otherwise engaged in a pattern of sanctionable discovery conduct.

### 2. *Analysis*

Federal Rule of Civil Procedure 37(e) provides:

If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or,

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment.

Courts permit an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of "bad faith" or "bad conduct." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (quoting *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005)). A party requesting a spoliation instruction must establish that: (1) "the party having control over the evidence had a duty to preserve it at the time it was destroyed;" (2) "the evidence was destroyed with a 'culpable state of mind[;]'" and (3) "the destroyed evidence was 'relevant' to the party's claim of defense such that a reasonable trier of fact could find that it would support that claim or defense." *LaFrentz v. Lockheed Martin Corp.*, No. 4:18-CV-4229, 2021 WL 1215847, at *2 (S.D. Tex. Mar. 31, 2021).

Because all the identified text messages have been recovered from other sources, SWAT is not entitled to sanctions under Rule 37. However, the parties agree, and the undersigned finds that the court has the inherent authority to impose sanctions to deter improper litigation conduct, such as Kubala's purposeful deletion of text messages. The conduct identified at this point is not so egregious as to warrant dismissal of Empire's case or reimbursement for SWAT's full discovery costs but does warrant lesser sanctions. Therefore, as ordered next, SWAT will be permitted to re-depose Kubala. SWAT may also resubmit its motion for sanctions. SWAT's counsel shall take note of the court's instructions on the record about attaching all the evidence it is relying on. If Empire can show a clear course of conduct rising to

the level of sanctionable conduct, the court will reconsider recommending further sanctions.

### 3. *The Court's Order and Recommendation*

For the reasons stated, the court ORDERS as follows:

1. Kubala shall be deposed again. The deposition shall take place on or before March 31, 2023. Empire shall reimburse SWAT's and Greeson's counsel for all expenses and legal fees associated with the second deposition, including but not limited to preparation, travel, parking, and attendance.

2. Any motion in limine seeking to exclude evidence of Kubala's deletion of text messages after this suit was filed is denied.

3. The court recommends that SWAT be permitted to present evidence of spoliation at trial, and if a jury instruction on spoliation is supported by the evidence, the district judge can decide whether to give it.

4. Kubala is hereby **SANCTIONED and ADMONISHED** that he shall participate in discovery in an honest, forthright, and ethical manner. Any further destruction of evidence will be referred to the District Judge for consideration of contempt sanctions. This is a direct order, violation of which is contemptuous behavior. Empire's counsel shall immediately serve a copy of this Order on Kubala.

5. SWAT may move for other sanctions and/or reconsideration of the sanctions denied herein after Kubala is deposed for the second time.

6. All other requests for sanctions should be denied without prejudice.

The court recommends that the due date for the joint pretrial order be reset to April 28, 2023, to allow the parties time to comply with this Order and move for further sanctions if that is necessary.

Empire's Motion for Leave to File Sur-Reply, ECF No. 62, is **GRANTED**. The court has considered the sur-reply.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 27, 2023.

_____
Peter Bray
United States Magistrate Judge